<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JEWEL JACKSON,<br><br>               Plaintiff,<br><br>   v.<br><br>FREEDOM MORTGAGE PAVILION,<br><br>               Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 24-1049 (KMW-AMD)<br><br>**OPINION** |

APPEARANCES:

MARK ROBERT NATALE, ESQ.
MALAMUT & ASSOCIATES LLC
457 HADDONFIELD ROAD, SUITE 500
CHERRY HILL, NJ 08002

    *Counsel for Plaintiff Jewel Jackson*

CHRISTOPHER JAMES CAPONE, ESQ.
FISHER & PHILLIPS
400 CONNELL DRIVE, SUITE 4000
BERKELEY HEIGHTS, NJ 07922

    *Counsel for Defendant Freedom Mortgage Pavilion*

**WILLIAMS, District Judge:**

    **I.    INTRODUCTION**

Plaintiff Jewel Jackson brings this action against Defendant Freedom Mortgage, alleging that Defendant racially discriminated against Plaintiff in violation of 42 U.S.C. § 1981 while she worked as a cleaner.

This matter comes before the Court on Defendant's Motion to Dismiss, (ECF No. 16). Plaintiff opposed the motion, (ECF No. 20), and filed a Cross Motion to Amend her First Amended

Complaint (ECF No. 21). Defendant replied to Plaintiff's opposition, (ECF No. 22), and opposed Plaintiff's cross motion, (ECF No. 23). For the reasons that follow, Defendant's Motion to Dismiss, (ECF No. 16), will be **GRANTED** with prejudice, and Plaintiff's Cross Motion to Amend her Complaint, (ECF No. 21), will be **DENIED**.[1]

## II.   BACKGROUND

The facts of this case are brief: Plaintiff, an African American woman, asserts that she worked at the amphitheater previously called BB&T Pavilion, now known as Freedom Mortgage Pavilion, as a cleaner. First Amended Complaint ("FAC") at ¶¶1-3, 8. She asserts that she witnessed and experienced impermissible discrimination based on race because the "African American employees were treated differently than the white employees." *Id*. at ¶ 9. She alleges generally that African American employees experienced negative differential treatment, whereas "non-African American employees would not be disciplined for far worse conduct," and would be treated more favorably. *Id*. at ¶¶ 10-11. As an example, Plaintiff asserts that at one point, her supervisor denied her request to be moved into a "cooler area" but let another "non-African American" employee move to a cooler area, even though Plaintiff was pregnant and high-risk. *Id*. at 15. On a different occasion, Plaintiff requested to leave early because she was experiencing stomach pains and was denied, but other "non-African American" employees were permitted to leave early. *Id*. at ¶ 16. Finally, one day Plaintiff lost consciousness at work and was transported to the hospital, where she gave birth and was admitted for 9 days. *Id*. at ¶ 17-18. Plaintiff asserts that her supervisor was aware of her hospitalization, but when she attempted to return to work, her supervisor accused Plaintiff of lying about her hospitalization, terminated Plaintiff, and placed her on a "no return" list. *Id*. at ¶ 18, 19.

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

The Court notes that in Plaintiff's proposed Second Amended Complaint ("SAC"), she proffers two substantive changes. First, Plaintiff alleges that her employer was "Live Nation Entertainment," adding the entity to the caption of the case, and identified that her direct supervisor's name was "Gary." SAC at ¶¶ 4-5, 23. [2] Second, Plaintiff asserts that the day she lost consciousness at work was July 23, 2019, but also asserts her hospital admission occurred between July 16-25, 2019. *Id*. at ¶¶ 19, 21-23. She further avers that she notified "Defendant" that she would need "additional time off" from work post hospitalization due to her child's need for medical treatment, which resulted in her being "out of work for an extended period of time," before she reapplied for a position in July of 2020. *Id*. at ¶¶ 24-25.

## III.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

---

[2] A fundamental issue that has not been resolved by Plaintiff's repeated attempts at amendment is precisely who Plaintiff was employed by. Plaintiff first asserted that Freedom Mortgage Pavilion was the "successor-in-interest" to BB&T Pavilion. *See* Pl.'s Compl. and FAC. Plaintiff's proposed Second Amended Complaint adds an additional Defendant, Live Nation Entertainment, and asserts that "Live Nation Entertainment is the operator of the facility . . . and was Plaintiff's employer. To the best of Plaintiff's recollection, her paychecks read 'Live Nation BB&T Pavilion.' While the name of the facility has changed to Freedom Mortgage Pavilion after being named BB&T Pavilion during Plaintiff's employment, the operator/employer has remained Live Nation." SAC at ¶¶ 4-5. This appears to be an attempt to raise the "de facto merger" or "mere continuation" exceptions to the general corporate successor liability rule that states when a company sells its assets, the purchasing company is not liable for the debts and liabilities of the seller. *Vision Pharma, LLC v. Sunrise Pharm., Inc.*, No. 13-4692, 2018 WL 3085213 at *3-4 (D.N.J. Jun. 20, 2018). Whether this averment is sufficient is, ultimately, irrelevant, as Plaintiff fails to establish any facts to support her discrimination claim, as discussed *infra*.

3

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id*. (quoting *Twombly*, 555 U.S. at 557).

### B. Federal Rule of Civil Procedure Rule 12(e)

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are a remedy for an unintelligible pleading, but it is not to be utilized to correct a pleading simply lacking in detail. These motions are generally disfavored in light of the liberal pleading standards under the Federal Rules . . .[and] such motions should only be granted under [the] 'strictest necessity.'" *Powell v. Advancing Opportunities*, No. 22-525, 2022 WL 16961387 at *3 (D.N.J. Nov. 16, 2022) (internal quotations and citations omitted).

### IV. DISCUSSION

The Court will first address Defendant's request in the alternative, to require Plaintiff to provide a more definitive statement pursuant to 12(e). On its face, Plaintiff's Amended Complaint and proposed Second Amended Complaint are not unintelligible—the complaints allege a specific, readily identifiable cause of action (a discrimination claim pursuant to 42 U.S.C. § 1981)—rather, Defendant's core issue is Plaintiff's lack of detail. Therefore, the Court finds that reviewing the

4

pending motion under a 12(e) standard is inappropriate. *See Powell*, 2022 WL 16961387 at *3. The Court will review the pending Motion to Dismiss and Motion to Amend Plaintiff's First Amended Complaint pursuant to the standards of Fed. R. Civ. P. 12(b)(6) instead.

In both Plaintiff's First and proposed Second Amended Complaint, she asserts only one count of "racial discrimination/termination" pursuant to 42 U.S.C. § 1981, ("§ 1981"). § 1981 prohibits racial discrimination in the making of both private and public contracts, creating a federal remedy against race discrimination in private employment. *See* 42 U.S.C. § 1981. In order to state a cause of action pursuant to § 1981, a plaintiff must allege: 1) that she belongs to a racial minority; 2) an intent to discriminate on the basis of race by the defendant, and 3) discrimination concerning one or more of the activities enumerated in § 1981. *Shine v. TD Bank Fin. Group*, No. 9-4377, 2010 WL 2771773 at *3 (D.N.J. Jul. 12, 2010).[3] Section 1981's requirement of purposeful discrimination cannot be satisfied by vague or conclusory allegations, it requires specific instances, practices, or statistics, such as a description of the underlying conduct that was disparately disciplined. *Vidal v. Galaxy 2439 Enters., LLC*, No. 23-1845, 2024 WL 4350215 at *5 (D.N.J. Sept. 30, 2024). "Without more, a reasonable person cannot infer [a] [d]efendant engaged in intentional discrimination[.]" *Id*. While Plaintiff asserts that she is an African American and satisfies the racial minority prong of the standard, Plaintiff does not allege enough information to infer an intent to discriminate on the basis of race by Defendant.

Plaintiff's First Amended Complaint and proposed Second Amended Complaint lack basic information essential to stating a discrimination claim. For example, Plaintiff fails to set forth her

---

[3] Generally, "[a] § 1981 claim arising out of an employment relationship must satisfy the same basic elements as an employment discrimination claim under Title VII," (*Shine*, 2010 WL 2771773 at *3) (citing *Schurr v. Resorts Int'l Hotel Inc.*, 196 F.3d 486, 499 (D.N.J. 1999)), however, Plaintiff fails to assert enough details to pass the initial three pronged test to assert a cause of action pursuant to § 1981, let alone state sufficient pleadings to have the Court evaluate a wrongful termination claim (or, possibly, a failure to rehire claim in her Second Amended Complaint).

dates of employment, her actual employer, or identify her direct supervisor beyond the name "Gary." SAC at ¶ 23. In addition, similar to the plaintiff in *Vidal*, Plaintiff does not describe the underlying conduct relating to discipline or promotion, and simply states that "African American employees were subjected to differential treatment, including increased criticism, discipline, and not given opportunity to advance[,] [w]hile[] non-African American employees would not be disciplined for far worse conduct, were treated more favorably than African American employees, and would be promoted to higher positions." SAC at ¶¶ 12-13. Such an allegation is impermissibly conclusory: it lacks a time frame and fails to identify the actor. When Plaintiff attempts to bring up more "specific" incidents of allegedly discriminatory conduct, such as when she was not allowed to leave work early despite having stomach pain, but her supervisor allowed "non-African American employees[,] who made the same request[,] to leave early on that occasion," she does not identify the approximate dates of when any of the alleged incidents of discrimination occurred or how frequently they occurred, does not identify the people involved in those incidents, and does not provide any details as to what was said during those incidents to raise an inference of discrimination. *Id*. at ¶¶ 14-17. Moreover, Plaintiff does not provide information about any other individuals attempting to return from any kind of leave for the Court to compare her treatment to those of others regarding her termination or failure to rehire claim. *Id*. at ¶¶ 19-26. Nor does Plaintiff aver any practices of Defendant to suggest there was an intent to discriminate.

Essentially, Plaintiff has repeatedly failed to satisfy even the most basic pleading standards. Pursuant to Fed. R. Civ. P. 8 ("Rule 8") of the Federal Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 encourages clarity and efficiency in stating claims, Rule 8 still "requires a 'showing,' rather than a blanket assertion, of

an entitlement to relief[.]" *Phillips*, 515 F.3d at 231. Despite the Court's repeated extensions and Defendant's efforts to plainly outline the deficiencies in Plaintiff's pleadings, many fundamental details remain unknown, such as: the date she was hired, the date she left work,[4] whether she sought leave either before or after the birth of her child, whether the leave was approved and, if so, the date she was expected to return. Defendant's Motion to Dismiss, (ECF No. 5), at 8. Many of these facts should be in Plaintiff's possession and should not require discovery or several months of reformulation.

Thus, the Court concludes that Plaintiff's allegations do not support a reasonable expectation that discovery will result in evidence of a § 1981 violation. *See Vidal*, 2024 WL 4350215 at * 5 (citing *Doe v. Triangle Doughnuts, LLC*, 472 F. Supp. 3d 115, 140 (E.D. Pa. 2020)) (finding at the motion to dismiss stage that a plaintiff did not establish plausible inference of racial discrimination where plaintiff pleaded only "two comments from a coworker and a third ambiguous comment [from an unnamed source]"). Therefore, this Court will deny Plaintiff's Motion to Amend, and grant Defendant's Motion to Dismiss with prejudice.

## V.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, (ECF No. 16), will be **GRANTED with prejudice**, and Plaintiff's Cross Motion to Amend her Complaint, (ECF No. 21), will be **DENIED**. An order consistent with this Opinion will be entered.

April 25, 2025

*Karen M. Williams*
KAREN M. WILLIAMS, U.S.D.J.

---

[4] The Court notes that in Plaintiff's Proposed Second Amended Complaint, she asserts she left work for the hospital on July 23, 2019. ECF No. 21 at ¶ 19, 23. However, she also asserts that she was hospitalized from July 16-25, 2019. *Id*. at ¶ 21. It is implausible that she could be both at work on July 23 and be admitted in the hospital during July 16-25 at the same time.